[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2005
THOMAS K. KAHN
CLERK

No. 05-10174
Non-Argument Calendar
_____

D. C. Docket No. 04-00519-CV-CO-W

FRANK HARTLEY,

Plaintiff-Appellee,

versus

BRIAN BUTLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(August 10, 2005)**

Before CARNES, MARCUS and COX, Circuit Judges.

PER CURIAM:

In this interlocutory appeal, Brian Butler challenges the decision of the district court denying his motion to dismiss. Butler contends that the district court erred in denying his motion to dismiss grounded upon qualified immunity.[1] We agree.

The allegations in Plaintiff's complaint are sufficient to show that Butler was acting within his discretionary authority as Associate Director of Human Resources for the City of Tuscaloosa. *See Smith v. Siegelman*, 322 F.3d 1290, 1294-95 (11th Cir. 2003). For example, in an effort to hold the City and the Civil Service Board of Tuscaloosa vicariously liable for Butler's conduct, the Plaintiff alleges that Butler was employed by the City as Associate Director, and later Director, of the City's Human Resource Department, which he alleged "provides support to the City of Tuscaloosa Civil Service Board in the management and governing [sic] of the City's Human Resources." (R.1-1 at 15.) Plaintiff further states that:

> [e]ach and every act which Plaintiff alleges was committed by Butler . . . under color of law; and by the City, and Civil Service Board *(by and through its/their respective employees, representatives and/or agents) under color of law and within the line and scope of such employees', agents', representatives', job duties with the City and/or Civil Service Board*; and/or was so committed and/or otherwise perpetrated by Defendants, jointly and severally, under color of law as an . . . employee, agent, and/or representative of the Defendants . . . .

---

[1] The Plaintiff has not filed a brief in this appeal.

(*Id*. at 2) (emphasis added). Such allegations are sufficient to show that Butler was acting within, or reasonably related to, the outer perimeter of his official duties. *See Maggio v. Sipple*, 211 F.3d 1346, 1350 n.2 (11th Cir. 2000).

We also agree with Butler's contention that the Plaintiff has failed to allege any violation of a clearly established constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001). The Plaintiff conceded below that his claim is "factually novel," and he has not identified any case that directly supports his theory of liability. (R.1-10 at 11.) The Plaintiff relies primarily on *Village of Willowbrook v. Olech*, 528 U.S. 562, 120 S. Ct. 1073 (2000) in support of his Equal Protection claim. But, neither the Supreme Court nor this circuit has ever recognized an *Olech*-style claim in the context of public employment. Because of the admittedly novel theory here, Plaintiff cannot make out any clearly established constitutional violation. *See Brosseau v. Haugen*, __ U.S. __, 125 S. Ct. 596, 599 (2004) ("It is important to emphasize that this inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" (quoting *Saucier*, 533 U.S. at 201, 121 S. Ct. at 2151)). Butler is therefore entitled to qualified immunity.

The order denying Butler's motion to dismiss is reversed and the case is remanded to the district court with instructions to dismiss the action against Butler.

**REVERSED AND REMANDED.**

3